IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICK LAVENDER,              )
                               )
        Petitioner,            )
                               )
    v.                         )        CIVIL ACTION NO. 2:07-CV-22-MEF
                               )                [WO]
                               )
DARLENE DREW,                  )
                               )
        Respondent.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Patrick Lavender ["Lavender"], an inmate confined at the Maxwell Federal Prison Camp, initiated this case as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In this petition, Lavender challenges a conviction for conspiracy to distribute cocaine entered against him by the United States District Court for the Middle District of Florida. Specifically, Lavender complains that his May 6, 2003 arrest "deprived [him] of liberty without the due and orderly process of law, and contrary to the protections and guarantees of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.  Petitioner's resulting trial was illegal, his guilty plea void, and his past and current detention - illegal and unconstitutional." *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 5.  Lavender therefore agues that all subsequent proceedings before the Untied States District Court for the Middle District of Florida related to this arrest "were illegal, as fundamentally unfair, where the initial seizure of Petitioner was a violation of the Fourth

Amendment, and Personal Jurisdiction was not otherwise properly had ...” *Id*. at 9. Additionally, Lavender complains that: (i) law enforcement officials interrogated him in violation of his rights as established under *Miranda*; (ii) “the search of his home ... [which] revealed illegal cocaine [occurred] <u>only after the illegal personal seizure</u> ...”; and (iii) counsel provided ineffective assistance when he failed to pursue production of an arrest warrant and urged petitioner to enter a guilty plea. *Id*. at 3-4, 9-10. Lavender seeks his immediate release.

## I. FACTS[1]

On June 26, 2003, a federal grand jury for the Middle District of Florida issued a superseding indictment against Lavender and several co-defendants. This indictment charged that Lavender conspired to possess with intent to distribute a mixture or substance containing cocaine in violation of 21 U.S.C. § 841(a)(1)(A) and 21 U.S.C. § 846. Lavender entered a plea of guilty to this charge on September 11, 2003. On January 21, 2004, the court sentenced Lavender to 108 months’ imprisonment and thereafter entered judgment against him on January 22, 2004. Lavender did not appeal his conviction nor did he file a 28 U.S.C. § 2255 motion challenging his conviction. Thus, Lavender’s conspiracy conviction became final in February of 2004.

---

[1]The facts are gleaned from the petition for habeas corpus relief filed by Lavender and the docket sheet maintained in *United States v. Lavender*, 8:03-CR-184-JSM-EAJ-3 (M.D. Fla.).

## II. DISCUSSION

In this § 2241 petition, Lavender attacks the constitutionality of the controlled substance conviction imposed upon him by the United States District Court for the Middle District of Florida. The claims presented by Lavender go to the fundamental legality of his conviction and resulting incarceration. The law directs that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and/or sentence imposed by a federal court. "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to ... section [2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of [the inmate's] detention." *28 U.S.C. § 2255* at ¶5.

It is clear from a review of the petition that this action is filed pursuant to § 2241 in an attempt to circumvent the one-year period of limitation applicable to § 2255 motions.[2] However, under no circumstances can this court countenance Lavender's circumvention of the procedural restraints contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] as § 2255 is not rendered inadequate or ineffective to challenge the legality of a petitioner's detention merely because the applicable limitation period has

---

[2]"A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 at ¶6.

expired or a subsequent motion under the section would be barred as successive.[3]

The habeas petition and relevant court records demonstrate that Lavender's claims would be barred from review in a § 2255 motion before the United States District Court for the Middle District of Florida by the AEDPA's one-year period of limitation. The inadequate and ineffective "savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). All the Constitution requires, if it requires anything, is that a reasonable opportunity existed through which an inmate could have pursued judicial relief on his claims. *Id.*

Lavender does not meet each of the prerequisites necessary to invoke application of the savings clause of § 2255 thereby precluding relief in a § 2241 proceeding. Initially, it is clear that Lavender's claims are not premised upon a Supreme Court decision issued after

---

[3]Lavender argues that the instant habeas petition is not barred by the limitation period contained in the AEDPA because "personal Jurisdiction was never obtained by proper process ..." *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 2. This assertion is without merit as neither the AEDPA nor federal law contains an exception to the application of the one-year period of limitation for claims based on alleged jurisdictional deficiencies. The court notes that no government impediment existed to the presentation of Lavender's claims nor are these claims based on a constitutional right newly recognized by the Supreme Court. *28 U.S.C.* § 2255 at ¶6(2)-(3). Moreover, the factual predicate of the habeas claims was available to the petitioner at the time of his conviction. *28 U.S.C.* § 2255 at ¶6(4). The claims now before this court therefore fail to meet any of the exceptions to determining finality of judgment contained in 28 U.S.C. 2255.

his conviction which the Court made retroactively applicable to such conviction. Moreover, Lavender has not been "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245. Consequently, Lavender's challenges to his conviction are not based upon a retroactively applicable Supreme Court decision. Finally, pertinent federal law did not foreclose Lavender from presenting the claims now before this court at the time these claims otherwise could and should have been raised. Specifically, the pleadings filed herein establish that Lavender had the requisite procedural opportunity to raise the instant habeas claims and have such claims decided during proceedings before the United States District Court for the Middle District of Florida or on direct appeal. Lavender also had the opportunity to present his claims in a properly filed § 2255 motion. These opportunities are all the Constitution requires. *Id*. at 1244. The claims pending before this court therefore fail to warrant relief under the savings clause of § 2255.

A federal prisoner cannot use § 2241 simply to escape the procedural restrictions placed on § 2255 motions by the AEDPA. *Wofford*, 177 F.3d at 1245. "[T]he savings clause . . . does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*. "If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts -- through statutes like the

5

AEDPA-- to place limits on federal collateral review." *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997) (a federal petitioner may not proceed under "§ 2241 merely because [he] is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (internal citations omitted) ("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion . . . "). In light of the foregoing, the court concludes that Lavender's claims challenging the constitutionality of his conviction by the United States District Court for the Middle District of Florida are not cognizable in a 28 U.S.C. § 2241 petition.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Patrick Lavender be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before January 24, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th  day of January, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE