IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

RECEIVED
2007 JAN 19 A 9: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

PATRICK LAVENDER,            *
         Petitioner,         *
                             *
V.                           *       CIVIL ACTION NO:
                             *
DARLENE DREW, Et.Al.,        *       -2:07CV-22-MEF  [WO]
         Respondents.        *
_____/

## OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION AND MOTION TO TAKE JUDICIAL NOTICE

**COMES NOW PETITIONER- PATRICK LAVENDER,** by and through himself, and having petitioned this Honorable Court with Writ For Habeas Corpus, **28 U.S.C. §2241**, makes **OBJECTIONS TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE,** and also makes **MOTION TO TAKE JUDICIAL NOTICE.** For this purpose - as follows:

Petitioner has asserted that his **May 6, 2003,** arrest-/SEIZURE did violate the literal language of The **Fourth Amendment's** protections prohibiting Unconstituional Seizures, deprived him of Liberty by violating the guarantees of The **FIFTH and Fourteenth Amendments,** as the Seizure, subsequent detention and **ALL** Federal Proceedings after the fact, were acts and ommissions made in want of Jurisdiction, while exercised in absence of of original Process, Warrant, Indictment, Court Order or Decree.

**(PAGE ONE)**

## JUDICIAL NOTICE

Petitioner Moves that this Court **Take Judicial Notice** that Petitioner's claims, presumed true, are facts known to All Courts of The United States, and Not Subject to reasonable dispute, as the claims are clearly violations of The Fundamental Law of The United States Constitution, which in this case is plain in it's application, particularly that:

**The Fourth [A]mendment protects people from unreasonable Seizures as well as unreasonble searches"**
**UNITED STATES VS. PLACE**, 462 U.S. 696, 701, (1983)

-and that the Fourth and Fifth amendments are enforced through the Fourteenth Amendment, where the Facts in petitioner's -Habeas Petition confirm that The Federal Government induced The City of Sarasota, Florida and The State of Florida at Tampa, to UnConstitutionally Seize Petitioner, by proxy, for the pursuance of The Federal Government's cause.

## OBJECTIONS TO MAGISTRATE'S RECOMMENDATIONS

Here, the **ISSUE IS LACK OF JURISDICTION**, and Petitioner's **OBJECTS** that the Magistrate's Recommendations in this case are unsound and made contrary to Law which should be known to a Magistrate of The United States.

The Magistrate has recommended dismissing petitioner's valid claims of violations of Fundamental Law and Basic Rights by arguing that **"Lavender does not meet each of the prerequisites necessary to invoke the savings clause of §2255 thereby precluding relief in a §2241 proceeding"**.

## OBJECTIONS

-<u>Id at Page 4</u>, **Mag. Recommendation.**

**Continuing** in the next line, over to **Page 5**, The recommendation states: "Intially, <u>it is clear that Lavender's claims are not premised upon a Supreme Court decision issued after his conviction which the Court made retroactively applicable to such conviction</u>", and there continues to argue the **AEDPA's One Year Window for §2255 claims**, as a bar to petitioner's **-JURISDICTIONAL CLAIMS**, while saying that Petitioner is collaterally attacking his "**conviction**". **CONTRARY,**-Petitioner is not attacking his "**conviction**" or "**sentence**",<u>per-se</u>. He asserts that <u>All proceedings were illegal</u> following his personal seizure when <u>No Lawful Process was in place</u> authorizing such seizure. It's clear that authorities cannot-(as they did in the instant case)-"**Arrest First and file -Probable Cause Affidavit/Complaint later**".

> "If a court lacks Jurisdiction over a party, then it lacks "**All Jurisdiction**" to adjudicate that party's rights, <u>whether or not the subject matter is properly before it</u>".
> <u>Kulko v. Superior Court</u>, 436 U.S. 84,91,98 S Ct.- 1690, 1696, 56 L. Ed 132, (1978). -(Emphasis added).

The Magistrate has therefore erroneously treated Petitioner's claims as one attacking events after a **Lawful Arrest**. Moreover, **-FULL RETROACTIVITY** is currently the **UNCHANGED STARE-DECISIS OF THE SUPREME COURT CONCERNING JURISDICTIONAL CLAIMS-**

"The Supreme Court has recognized <u>Full Retroactivity</u> as a necessary adjunct to ruling that a trial court lacked authority to convict or punish a criminal defendant in the first place". <u>**UNITED STATES V. JOHNSON**</u>, 457 U.S. 537, 102, S. Ct.-

## OBJECTION

-2579, citing <u>United States v. Coin and Currency</u>, 401 U.S. 715, 724, 91 S Ct. 1041, 1046, 28 L Ed 434,(1971).

Full retroactivity is recognized by the Supreme Court, because-"<u>[J]urisdictional Issues are never waived</u> and can be raised on collateral attack" <u>UNITED STATES V. COOK</u>,997,F 2d 1312-1320,(10th Cir.1990).

Lack of Jurisdiction cannot be waived" <u>Glidden v. Zdanok</u>, 370 U.S. 530,535-37,(1962),<u>may be asserted at anytime</u>, and will be considered on appeal,<u>whether or not the issue was raised in the trial court</u>"; <u>United States v. Nukida</u>, 8 F3d 665, 668-69, (9th Cir,1993). "Jurisdictional Claims" are an exception to the rule that a guilty plea waives all claims of Constitutional violations, <u>United States v. Caparell</u>, 938 F 2d 975,977 (9th Cir. 1991); <u>United States v. Robertson</u>, 698 F 2d 703, 704 n.1 -(5th Cir.1983).

Therefore, it has long been established as Rule of Law that -"a valid judgement imposing a personal obligation or duty in favor of the Plaintiff <u>may be entered only by a Court having Jurisdiction over THE PERSON OF THE DEFENDANT</u>" - <u>Kulko v. Superior Court</u>. (citations ommited) <u>Supra</u>.

## IN CONCLUSION

28 U.S.C. §2241 is appropriate remedy to Petitioner's fundamental claims, the "savings clause of the **AEDPA** is inapplicable to this cause as "The Supreme Court has recognized Full Retroactivity"in cases like petitioner's cause here asserting that there should never have been a trial in the first place"<u>U.S v. Johnson</u>,<u>Supra</u>.

(PAGE FOUR)

## CONCLUSION

On the above premises considered, Your Petitioner files **Objection to The Magistrate's recommendation** that Petitioner's Habeas Petition concerning claims of violations of Fundamental Rights be dismissed, and **Makes Motion to Take Judicial Notice**, that his petition should issue, and the Government made to answer. Petitioner is entitled to Relief.

RESPECTFULLY SUBMITTED,

THIS _16_ DAY OF JANUARY, 2007,

By-

/s/ *[signature]*

PATRICK   LAVENDER,   Petitioner,
PRO-SE.
#41071-018,   MOBILE-E
F.P.C. MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA,  36112

(PAGE FIVE)

## PROOF OF SERVICE

I do hereby certify that I have placed a true copy of the foregoing "OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION AND MOTION TO TAKE JUDICIAL NOTICE" in the mailbox of this Instituion, correct U.S. Postage paid, and addressed to the following:

D. DREW, WARDEN
F.P.C. MAXWELL AIR FORCE BASE,
MONTGOMERY, ALABAMA, 36112

Anthony E. Porcelli,
ASSISTANT U.S. Attorney
400 North Tampa Street, Suite 3200
Tampa, Florida,      33602

DONE, THIS /6 DAY OF JANUARY, 2007,

By-
/s/ Patrick L____
PATRICK LAVENDER, Petitioner, Pro-Se
#41071-018, MOBILE-E
Federal Prison Camp, Maxwell A.F.B.
MONTGOMERY, ALABAMA,       36112

(PAGE SIX)

PATRICK LAVENDER, PRO SE
#41071-018, MOBILE-E
FEDERAL PRISON CAMP, MAXWELL AFB
MONTGOMERY, ALABAMA, 36112

TO: CLERK,
U.S. DISTRICT COURT
ONE CHURCH STREET
MONTGOMERY, AL. 36104

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK LAVENDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-22-MEF |
| | ) | [WO] |
| | ) | |
| DARLENE DREW, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Patrick Lavender ["Lavender"], an inmate confined at the Maxwell Federal Prison Camp, initiated this case as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In this petition, Lavender challenges a conviction for conspiracy to distribute cocaine entered against him by the United States District Court for the Middle District of Florida. Specifically, Lavender complains that his May 6, 2003 arrest "deprived [him] of liberty without the due and orderly process of law, and contrary to the protections and guarantees of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. Petitioner's resulting trial was illegal, his guilty plea void, and his past and current detention - illegal and unconstitutional." *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 5. Lavender therefore agues that all subsequent proceedings before the Untied States District Court for the Middle District of Florida related to this arrest "were illegal, as fundamentally unfair, where the initial seizure of Petitioner was a violation of the Fourth

Amendment, and Personal Jurisdiction was not otherwise properly had ..." *Id*. at 9. Additionally, Lavender complains that: (i) law enforcement officials interrogated him in violation of his rights as established under *Miranda*; (ii) "the search of his home ... [which] revealed illegal cocaine [occurred] only after the illegal personal seizure ..."; and (iii) counsel provided ineffective assistance when he failed to pursue production of an arrest warrant and urged petitioner to enter a guilty plea. *Id*. at 3-4, 9-10. Lavender seeks his immediate release.

### I. FACTS[1]

On June 26, 2003, a federal grand jury for the Middle District of Florida issued a superseding indictment against Lavender and several co-defendants. This indictment charged that Lavender conspired to possess with intent to distribute a mixture or substance containing cocaine in violation of 21 U.S.C. § 841(a)(1)(A) and 21 U.S.C. § 846. Lavender entered a plea of guilty to this charge on September 11, 2003. On January 21, 2004, the court sentenced Lavender to 108 months' imprisonment and thereafter entered judgment against him on January 22, 2004. Lavender did not appeal his conviction nor did he file a 28 U.S.C. § 2255 motion challenging his conviction. Thus, Lavender's conspiracy conviction became final in February of 2004.

---

[1] The facts are gleaned from the petition for habeas corpus relief filed by Lavender and the docket sheet maintained in *United States v. Lavender*, 8:03-CR-184-JSM-EAJ-3 (M.D. Fla.).

## II. DISCUSSION

In this § 2241 petition, Lavender attacks the constitutionality of the controlled substance conviction imposed upon him by the United States District Court for the Middle District of Florida. The claims presented by Lavender go to the fundamental legality of his conviction and resulting incarceration. The law directs that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and/or sentence imposed by a federal court. "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to ... section [2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of [the inmate's] detention." *28 U.S.C. § 2255 at ¶5.*

It is clear from a review of the petition that this action is filed pursuant to § 2241 in an attempt to circumvent the one-year period of limitation applicable to § 2255 motions.[2] However, under no circumstances can this court countenance Lavender's circumvention of the procedural restraints contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] as § 2255 is not rendered inadequate or ineffective to challenge the legality of a petitioner's detention merely because the applicable limitation period has

---

[2] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 at ¶6.

expired or a subsequent motion under the section would be barred as successive.[3]

The habeas petition and relevant court records demonstrate that Lavender's claims would be barred from review in a § 2255 motion before the United States District Court for the Middle District of Florida by the AEDPA's one-year period of limitation. The inadequate and ineffective "savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). All the Constitution requires, if it requires anything, is that a reasonable opportunity existed through which an inmate could have pursued judicial relief on his claims. *Id*.

Lavender does not meet each of the prerequisites necessary to invoke application of the savings clause of § 2255 thereby precluding relief in a § 2241 proceeding. Initially, it is clear that Lavender's claims are not premised upon a Supreme Court decision issued after

---

[3]Lavender argues that the instant habeas petition is not barred by the limitation period contained in the AEDPA because "personal Jurisdiction was never obtained by proper process ..." *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 2. This assertion is without merit as neither the AEDPA nor federal law contains an exception to the application of the one-year period of limitation for claims based on alleged jurisdictional deficiencies. The court notes that no government impediment existed to the presentation of Lavender's claims nor are these claims based on a constitutional right newly recognized by the Supreme Court. *28 U.S.C.* § 2255 at ¶6(2)-(3). Moreover, the factual predicate of the habeas claims was available to the petitioner at the time of his conviction. *28 U.S.C.* § 2255 at ¶6(4). The claims now before this court therefore fail to meet any of the exceptions to determining finality of judgment contained in 28 U.S.C. 2255.

his conviction which the Court made retroactively applicable to such conviction. Moreover, Lavender has not been "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245. Consequently, Lavender's challenges to his conviction are not based upon a retroactively applicable Supreme Court decision. Finally, pertinent federal law did not foreclose Lavender from presenting the claims now before this court at the time these claims otherwise could and should have been raised. Specifically, the pleadings filed herein establish that Lavender had the requisite procedural opportunity to raise the instant habeas claims and have such claims decided during proceedings before the United States District Court for the Middle District of Florida or on direct appeal. Lavender also had the opportunity to present his claims in a properly filed § 2255 motion. These opportunities are all the Constitution requires. *Id*. at 1244. The claims pending before this court therefore fail to warrant relief under the savings clause of § 2255.

A federal prisoner cannot use § 2241 simply to escape the procedural restrictions placed on § 2255 motions by the AEDPA. *Wofford*, 177 F.3d at 1245. "[T]he savings clause . . . does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*. "If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts -- through statutes like the

AEDPA-- to place limits on federal collateral review." *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997) (a federal petitioner may not proceed under "§ 2241 merely because [he] is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (internal citations omitted) ("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion . . . "). In light of the foregoing, the court concludes that Lavender's claims challenging the constitutionality of his conviction by the United States District Court for the Middle District of Florida are not cognizable in a 28 U.S.C. § 2241 petition.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Patrick Lavender be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before January 24, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of January, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE