RECEIVED

2007 NOV 16 A 10: 53



Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

---

November 15, 2007

**Appeal Number: 07-11158-HH**
Case Style: Patrick Lavender v. Darlene Drew
District Court Number: 07-00022 CV-F-N

TO: Debra P. Hackett

CC: Patrick Lavender (41071-018)

CC: R. Randolph Neeley

CC: Hon. Wallace Capel Jr.

CC: Administrative File

# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

November 15, 2007

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055




**Appeal Number: 07-11158-HH**
Case Style: Patrick Lavender v. Darlene Drew
District Court Number: 07-00022 CV-F-N

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
Original record on appeal or review, consisting of: One Volume

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Will Miller (404) 335-6194

Encl.

# United States Court of Appeals

For the Eleventh Circuit

No. 07-11158

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Jul 27, 2007
THOMAS K. KAHN
CLERK

District Court Docket No.
07-00022-CV-F-N

RECEIVED
2007 NOV 16

A True Copy - Attested:
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: [signature]
Deputy Clerk
Atlanta, Georgia

PATRICK LAVENDER,

Petitioner-Appellant,

versus

DARLENE DREW,
Warden,
UNITED STATES OF AMERICA,

Respondents-Appellees.

---

Appeal from the United States District Court
for the Middle District of Alabama

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: July 27, 2007
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

ISSUED AS MANDATE
NOV 15 2007
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2007
THOMAS K. KAHN
CLERK

No. 07-11158
Non-Argument Calendar

D. C. Docket No. 07-00022-CV-F-N

PATRICK LAVENDER,

Petitioner-Appellant,

RECEIVED
2007 NOV 16 A 10: 54

versus

DARLENE DREW,
Warden,
UNITED STATES OF AMERICA,

Respondents-Appellees.

Appeal from the United States District Court
for the Middle District of Alabama

**(July 27, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Patrick Lavender, a pro se federal prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, in which he argued that the sentencing court lacked personal jurisdiction over him because he was seized without due process of law. The district court determined that §2255's "savings clause" was not available to allow him to file under § 2241.

We review the availability of habeas relief under § 2241 de novo. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). Typically, a collateral attack on a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Under limited circumstances, however, a provision of § 2255, known as the "savings clause," permits a federal prisoner to file a habeas petition pursuant to 28 U.S.C. § 2241 after the limitation period if a petition under §2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. §§ 2241(a), 2255 ¶ 5. We have held that the savings clause only applies when the petitioner shows

> 1) that the claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of the Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Here, Lavender is precluded from seeking relief under § 2241 because § 2255's "savings clause" does not apply. He has failed to satisfy the first prong of the Wofford test because his claim is not based on a retroactive Supreme Court decision, and we need not address the remaining prongs. See Wofford, 177 F.3d at 1244-45. After careful review of the record and the briefs of both parties, we discern no reversible error.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: [signature]
Deputy Clerk
Atlanta, Georgia